FILED SEP '14 14:13USDC-ORP
B DS

Terry Paul Hedin
Register No. 26395-080
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378


IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TERRY PAUL HEDIN,<br><br>      Plaintiff,<br><br>-vs-<br><br>HAUN D. CASTILLO, Regional Director, Western Region, MARION FEATHER, Warden, Federal Correctional Institution, RICHARD KOWALCZCK, Head Chaplian, Federal Correctional Institution, and DANIEL WILLIAMS, Chaplian, Federal Correctional Institutional, in their individual capacities,<br><br>      Defendants. | Civil No. _____  5'14 CV-1504-CL<br><br>COMPLAINT UNDER BIVENS V. SIX UNKNOWN AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 403 U.S.C. 388 (1972); THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. 2671, ET. SEQ., AND A DECLARATORY JUDGMENT UNDER 28 U.S.C. 2201, ET. SEQ. |


NOW COMES Terry Paul Hedin, the Plaintiff, in pro se, and complains agaisnt the Defendants named above as follows:

A.    JURISDICTION.

1.    This Honorable Court has jurisdiction over the Bivens' claims pursuant to 28 U.S.C. §1331; 28 U.S.C. §1346; and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S.

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1972), as to all deliberately indifferent claims.

2.    This Honorable Court has further jurisdiction over all negligent claims under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq.

3.    This Honorable Court finally has jurisdiction to declare whether or not the Defendants named herein vioalted his First Amendment right to be free to paractice his religion of choice without government interference.

    B.    PARTIES.

4.    Plaintiff Terry Paul Hedin, (hereinafter referred to as "the Plaintiff") is a federal inmate incarcerated within the Federal Bureau of Prisons (hereinafter referred to as the "BOP") and he is presently confined at the Federal Correctional Institution (hereinafter referred to as "FCI Sheridan") located at 27072 Ballston Road in Sheridan, Oregon 97378.

5.    Defendant Juan D. Castillo (hereinafter referred to as "Defendant Castillo or the Defendants) is the Regional Director for the Western Region of the BOP of which FCI sheridan is a correctional institution within that region.  Defendant Castillo is repsonsible for the overall management and supervision of FCI Sheridan.  Defendant Castillo is sued in his individual capacity. Defendant Castillo's business address is: c/o Regional Director, Western Region, 7338 Shoreline Drive, Stockton, California 95219.

6.    Defendant Marion Feather (hereinafter referred to as "Defendant Feather" or "the Defendants") is the Warden of FCI Sheirdan.  Defendant Feather is responsible for the overall management and supervision of FCI Sheridan.  Defendant Feather is sued in her individual capacity.  Defendant Feather's business address is: Warden, Federal Correctional Institution, 27072 Ballston Road, Sheridan, Oregon 97378.

7.    Defendant Richard Kowalczck (hereinafter referred to as "Defendant Kowalczck" or "the Defendants") is the Head Chaplain at FCI Sheridan.  Defendant Kowalczck is responsible for the duties set forth in 28 C.F.R. §548.10 et. seq. and BOP Program Statement 3939.07 - Chaplain's Employment, Responsibilities and Endorsements. Defendant Kowalczck is also responsible for the overall management and supervision of all other chapel personnel.  Defendant Kowalczck is sued in his individual capacity.  Defendant Kowalczck's business address is: Head Chaplain, Fedeeral Correctional Institition, 27072 Ballston Road, Sheridan, Oregon 97378.

8.    Defendant Daniel Williams (hereinafter referred to as "Defendant Williams" or "the Defendants") is a chaplain at FCI Sheridan.  Defendant Williams is responsible for the duites set forth in 28 C.F.R. §548.10 et. seq. and BOP Program Statement 3939.07 - Chaplain's Employment, Responsibilities, and Endorsements. Defendant Williams is also responsible for managing the various faiths at FCI Sheridan.  Defendant Williams's business address is: Chaplain, Federal Correctional Institution, 27072 Ballston Road, Sheridan, Oregon 97378.

C.    EXHAUSTION OF ADMINSTRATIVE REMEDIES

9.    The Plaintiff has exhausted all Administrative Remedies as to his "deliberate indifference" claims under the Administrative Remedy Program, 28 C.F.R. §542.10, et. seq.; and BOP Program Statement 1330.18 as is set forth herein.

10.    The Plaintiff has also exhausted all Administrative Remedies as to his tort claim under the Federal Tort Claims Act, 28 U.S.C. 2671, et. seq.,; 28 C.F.R. §543.30 et. seq.; and BOP Program Statement 1320.03 as is also set forth herein

11.    The above exhaustion requirements are authorized by the Supreme Court of the United States in Jones v. Bock, 549 U.S. 199, 217-219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

D.    STATEMENT OF THE FACTS

12.    Religious Services, managed and supervised by Defendant Kowalczck and Defendant Williams oversee all religious activities at FCI Sheridan and receives funding for its various religious programs from the budget of the BOP, a governmental agency of the United States.

13.    The Asatru religion has been recognized and has been allowed to practice within the BOP since the 1990s, and FCI Sheridan before the Plaintiff arrived at FIC Sheridan in February, 2002.

14.    The Plaintiff, and other members of the Asatru religion imprisoned at FCI Sheridan, were assigned a secure locker 8 feet

Page 4 - Complaint
      Hedin v. Castillo, at. al.

tall, 3 feet wide, and 2 feet deep in which to store Asatru religious items.

15.    The Asatru religious items were purchased for the Asatru religious member by Reglious Service for FCI  Sheridan and had been in the Asatru members' care, which includes the Plaintiff, care for several years and the items stored in this assigned locker were, but not limtied to: (a) herbs; (b) oils; (c) charcoal; (d) Asatru faith books; (e) Asatru faith pamphlets; (f) copies of downloads pertaining to the Asatru faith; (g) alter clothes of the Asatru faith; (h) Asatru statute of Gods; (i) Asatru Religion; (j) Asatru audio cassettees; (k) Asatru UCR tapes; (l) Asatru faith cndles; (n) Asatru faith insense; and (o) log books of the Asatru groups' activities for the past 10 years.

16.    In December of 2012, the Plaintiff, and other members of the Asatru faith, clebrated the 12 nights of Yule in the outdoor worship  area at FCI Sheridan as had been the past practice and custom for years, under the supervision of Defendant Kowalczck.

17.    In December of 2013, Defendant Kowalczck would stopped the past practice of allowing the Plaintiff, and other members of the Asatru faith, to celebrate the 12 nights of Yule in the outdoor worship are at FCI Sheridan as was the past practice and only he only allowed 1 night of Yule in that outdood worship are.

18.    In December of 2013, the Plaintiff tried to file an Adminstrative Remedy under the "Sensitive Issue" exception of 28 C.F.R. §542.14(d)(1) with Defendant Feather (hereianfter

Page 5 - Complaint
        Hedin v. Castillo, et. al.

referred to as a "Sensitive Issue") as he feared retaliation from Defendant Kowalczck and Defendant Williams but Defendant Feather denied him that Administrative Remedy.

19.    On January 2, 2014, the Plaintiff filed:

a.    an Informal Resolution Request pursuant to 28 C.F.R. §542.13 (hereinafter referred to as a "BP-8");

b.    an Administrative Remedy Request pursuant to 28 C.F.R. §542.14 (hereinafter referred t o as 'BP-9");

c.    a Regional Administrative Remedy Appeal pursuant to 28 C.F.R §542.15 (hereinafter referred to as a "BP-10"); and

d.    a Central Office Administrative Remedy Appeal pursuant 28 C.F.R. §542.15.

This Adminsitrative Remedy was assigned the Case No. SHE-765294-F1). The remedy that the Plaintiff sought was for lost Asatru religious worship itmes.

19.    After the Plaintiff filed this Adminstrative Remedy (SHE-76294-F!), Defendant Kowalczck and Defendant Williams removed Asatru faith items out of the locker assigned to the Plaintiff, and other members of the Asatru faith, and were denied use of these items.

20.    On Janaury 21, 2014, the Plaintiff filed a second BP-8, with a BP-9, BP-10 and BP-11 following, grieving Defendant Kowalczck and Defendant Williams taking the Asatru faith worship items. This Administrative Remedy was assigned the Case No. SHE-76969-F1).

These Asatru faith itmes were purchased for and used by the
Plaintiff since his arrival to FCI Sheridan, and other members of
the Asatru faith who were here before his arrival, for approxiamtely
twelve (12) years.

21.    After the Plaintiff filed Administrative Remedy
SHE-76969-F!, the locker assigned to the Plaintiff, and other
members of the Asatru faith, was removed from Religious Services
at FCI Sheridan with all of its Asatru faith worship items stored
in it by Defendant Kowalczck and Defendant Williams.

22.    The Plaintiff then filed another BP-8, BP-9, BP-10 and
BP-10 and this Administrative Remedy was assgined the Case No.
SHE-770651-F2).   When this Administrative Remedy was filed with
Defendant Castillo, Defendant Castillo told the Plaintiff to file
a Federal Tort Claim for recovery of the confiscated Asatru faith
property which is prohibited by the Supreme Court's decision in
Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228, n. 7,
128 S.Ct. 831, 169 L.Ed.2d 680 (2008)(stating that 31 U.S.C.
§3720(a)(1) provides an adminstrative remedy for prisoner's claim
of lost property).

23.    The Plaintiff did filed a Federal Tort Claim pursuant to
28 C.F.R. §543.30, et. seq.; and BOP Program Statement 1320.03 and
was assigned the Case No. TRT-WXT-2014746 which was denied on
June 25, 2014.

24.    Defendants Castillo and Defendant Feather both failed to
correct the unconstitutional conduct of Defendants Kowalczck and

Williams when they individually reviewed the Palintiff's
Administrative Remedies which is their individual duties under
the Adminstraitve Remedy Program, 28 C.F.R. §542.10, et. seq.,
and the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq., and
28 C.F.R §543.30, et. seq.

    E.   CLAIMS.

    First Cause of Action

    25.   The Defendants, collectively and jointly, deprived the
Plaintiff his First Amendment right to practice his Asatru religion
by their acts set forth and described in paragraphs 12 through 24
herein.

    Second Cause of Action

    26.   The Defendants, collectively and jointly, failed to
follow established law set forth by the supreme Court of the
Untied States and the binding appellate precedent set forth by
the United States Court of Appeals for the Ninth Circuit where
the Defendants were, and are, mandated not to infringe, impede
and/or deprive the Plaintiff of the necessary items lsited in
paragraph 15 herein to practice his Asatru religion.

    Third Cause of Action

    27.   The Defendant, collectively and jointly, failed to

follow the past practice in regards to: (a) the possession and
storage of the Asatru religious items taken which are lsited in
paragraph 15; (b) the assigned locker to store the Asatru
religious items in which was taken by the Defendants; and (c)
the past practice of permittign the Plaintiff, and other members
of the Asatru religion, from outdoor worship with fires for
regular Asatru religious worship, and from outdoor worship with
fires for the holidays of the Asatru religion without first meeting
the four (4) factor test set forth in Turner v. Safley, 482 U.S.
78, 89-90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1972).  See also O'Lone
v. Estate of Shabazz, 483 U.S. 342, 367-368, 107 S.Ct. 2400, 96
L.Ed.2d 282 (1987)(Per Curiam)("Despite the plausibility of the
alternative proposed by respondents in light of federal practice
and the prison's own 'past practice,' officials have essentially
provided mere pronouncements that such alternaitve are not workable.
. . . At least a colorable claim that such a drastic policy is not
necessary can be made in light of the ability of federal prisons
to accommodate Muslim inmates, Leesburg's own 'past practice' of
doing so, and the plausibility of the alternatives proposed by the
respondents.  If the Court's standard of review is to represent
anything more flexive deference to prison officials, any finding
of reasonableness must rest on firmer grounds than the reocrd now
presents." . . . ).  These acts of the Defendants violated the
Plaintiff's First amendment right to freedom to practice his
Asatru religion.

Page 9 - Complaint
    Hedin v. Castillo, et. al.

Fourth Cause of Action

28.    The acts of the Defendants, collectively and jointly, were negligent as pursuant to 28 C.F.R. §548.10, et. seq., as they owed a duty to the Plaintiff, and all other members of the Asatru religion, to continue the past practice of worship and items to worship with, including all of the items listed in paragraph 15 herein, and the outdoor worship practices with fires previously enjoyed, as that duty was non-discretionary.

Fifth Cause of Action

29.    Defendant Castillo's direction in denying the Plaintiff's BP 10 (SHE -70651-F2) to file a Federal Tort Claim Act, 28 U.S.C. §2671, et. seq.,; 28 C.F.R. §543.30, et. seq., and BOP Program Statement 1320.03, was negligent as he knew, or should have known, that such a remedy was unavailable under Ali v. Federal Bureau of Prisons, 552 U.S. at 228, n. 7.

Sixth Cause of Action

30.    The Plaintiff finally seeks a Declaratory Judgment pursuant to 28 U.S.C. §2201, et. seq., declaring that the acts of the Defendnats, collectively and jointly, vioalted his rights established by their past practices and the First Amendment.

F.    RELIEF SOUGHT.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1.    issue a Declaratory Judgment declaring that the Defendants, collectively and jointly, violated his rights established by the past practice of the Defendant to permit him, and other members of the Asatru religion, to practice the Asatru religion as they had previously enjoyed without any incident to cease that past practice, including, but limited to, outdoor regular worship with fires, and outdoor holiday worship with fires, and vioalted his Frist Amendment right to freedom of worship;

2.    grant damage in an amount in excess of $100,000.00 for the Defendants, collectively and jointly, deliberate indifference to his right to practice his Asatru religious faith;

3.    grant damages in excess of $100,000.00 for injuries sustain under the Federal Tort Claims act for their negligence in non-discretion acts set forth in 28 U.S.C. §543.30, et. seq.;

4.    grant damages in excess of $50,000.00 agaisnt Defendant Castillo for deliberately misinforming him as to an Adminstrative Remedy; and

5.    grant such other futher an necessary releif as deem ed just and proper.

Signed this _16_ day of _September_ , 2014.

Respectfully submitted,

*T. Hedin*

Terry Paul Hedin
Plaintiff In Pro se

Page 11 - Complaint
         Hedin v. Castillo, et. al.