UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERRY PAUL HEDIN,

        Plaintiff,        3:14-cv-01504-CL

        v.        FINDINGS AND RECOMMENDATION

JUAN CASTILLO, et al.,

        Defendants.

CLARKE, Magistrate Judge.

Plaintiff, an inmate in the custody of the Federal Bureau of Prisons (BOP) filed a complaint pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 288 (1972) alleging that defendants violated his First Amendment rights to practice his Asatru faith by changing worship and study schedules, by limiting the use of fire during outdoor worship, and by reducing the number of religious items and educational items that had previously been

1 - Findings and Recommendation

available at FCI Sheridan. Complaint (#1). Plaintiff's Complaint (#1) also alleges claims under the Federal Tort Claims Act (FTCA). Plaintiff filed a "Supplement" (#51) alleging a violation of the Religious Freedom Restoration Act (RFRA) based on the same underlying facts. Plaintiff seeks compensatory, injunctive and declaratory relief.

Defendants seek an order of summary judgment for plaintiff's failure to exhaust his administrative remedies on the *Bivens* and RFRA claims; or in the alternative, an order dismissing the *Bivens* claims based on qualified immunity and failure to state a claim. Defendant further seek an order dismissing the RFRA claims for failure to state a claim and dismissing all FTCA claims based on lack of jurisdiction and failure to state a claim. Motion for Summary Judgment (#56) p. 2.

The relevant facts giving rise to plaintiff's claims are as follows: In December 2013, FCI Sheridan Supervisor Chaplain Richard Kowalczyk changed the worship schedules at FCI Sheridan, permitting the Asatru inmates one night to celebrate Yule in the outdoor worship area, instead of the 12 nights that had been previously permitted at FCI Sheridan. Chaplain Williams and Chaplain Kowalczyk also removed from the Asatru locker certain ceremonial and educational items which had been purchased by FCI Sheridan Religious Services for use by the

2 - Findings and Recommendation

Asatru inmates. The removed ceremonial items included: Odin statutes, an oak staff, a bag of runes, a large Thor's hammer, alter clothes, Tyr banner, rune board, incense, charcoal, and a drinking horn. Educational items included: books, CD's, cassette tapes, and other study materials. Plaintiff filed administrative remedies to challenge the changes made by the Religious Services Department.

The history of plaintiff's administrative remedies (grievances, grievance responses and appeals) is set forth in defendants Motion for Summary Judgment (#56) pp. 3 - 6, and need not be repeated here. The relevant fact in this regard is that plaintiff did not pursue any of the grievances to the final stage of the administrative remedy process.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions. Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system. James v. Bock, 549 U.S. 199, 218 (2007); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). Moreover, "the PLRA exhaustion

3 - Findings and Recommendation

requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Woodford, 548 U.S. at 88).

Defendants have the burden to show that "there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Albino v. Bacca, 747 F.3d 1162, 1172 (9th Cir. 2014). Once defendants have met this burden, the burden shifts to the plaintiff to demonstrate "that there is something in this particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.

The Bureau of Prisons has established an administrative remedy procedure which through an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the procedure, an inmate must first seek to resolve his complaint informally (BP-9). If an inmate cannot resolve his complaint informally, he must present his Administrative Remedy Request (BP-10) to the Warden. 28 CFR § 542-14(a). If the inmate is dissatisfied with the Warden's response to the BP-(, he may

4 - Findings and Recommendation

submit an Administrative Remedy Appeal (BP-10) to the Regional Director "within 20 calendar days of the date the Warden signed the response." 28 CFR § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may finally file an Administrative Remedy Appeal (BP-11) with the General Counsel in the Central Office of the BOP "within 30 calendar days of the date the Regional Director signed the response. 28 CFR § 542.15(a). No administrative appeal is considered to have been exhausted until a decision is reached on the merits by the Bureau of Prisons' Central Office. 28 CFR § 542.15(a). Only after this procedure is completely exhausted is a prisoner authorized to file suit in District Court. 42 U.S.C. § 1887e(A).

It is undisputed that plaintiff submitted three BP-9 requets to the Warden at FCI Sheridan and three BP-10 appeals to the BOP Regional Office related to his claims in this proceeding. However, the record reflects that plaintiff did not submit a final appeal to the BOP Central Office as to any of his grievances.

Plaintiff claims he mailed the three Central Office appeals on the following dates: March 20, 2014, May 11, 2014, and June 11, 2014. However, there is no record in BOP Sentry[1]

---

[1] "BOP Sentry" is the BOP's computerized system of record keeping.

5 - Findings and Recommendation

that plaintiff ever submitted any of the appeals to the BOP Central Office.

Plaintiff argues that all three of the Central Office appeals were "either not mailed and/or the Federal Bureau of Prisons Cental Office Counsel never filed and documented those filings."

However, all of plaintiff's other remedies were properly processed and recorded, and plaintiff has not submitted any evidence to support a claim of mis-handling.[2]

Based on the record before the court I find that there is no genuine issue of material fact that plaintiff did not properly exhaust his administrative remedies prior to filing his claims in this action.

"If the District Court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d at 1120. However, in this case, defendant's alternate grounds for dismissal discussed below establish that

---

[2] At FCI Sheridan, inmate administrative remedy appeals to the Regional Director and the BOP Central Office must be placed in outgoing mail. Within each unit at FCI Sheridan, there is a secured metal mailbox outside the officer's station that is padlocked. The morning-watch officer removes the outgoing mail and screens the general correspondence pursuant to BOP policy. The mail is then provided to the FCI Sheridan mail-room to be sent out of the institution via the United States Postal Service. Declaration of Scott Poisal (#39).

6 - Findings and Recommendation

plaintiff's claims fail to state a claim as a matter of law and should be dismissed with prejudice.

A constitutional *Bivens* action is not permitted "where a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wilkie v. Robbins*, 551 U.S. 537, 549-50 (2007) ("a damages remedy is not an entitlement ... and in most instances ... a *Bivens* remedy [has been found to be] unjustified.").

In *Wilkie*, the Supreme Court set forth a two-step process for determining whether to devise a *Bivens* remedy. The first step is to determine whether any alternative process exists for protecting the interest, one which amounts to a convincing reason for the courts to refrain from providing a new and freestanding *Bivens* damage remedy. The second step is that the court must weigh the resons for and against creating a new cause of action. *Wilkie*, 51 U.S. at 549-554; *see also*, *Hudson*, 468 U.S. at 533 (when plaintiff has an adequate remedy available outside of a *Bivens* claim, then a *Bivens* claim was necessarily unavailable to plaintiff); *Bush v. Lucus*, 462 U.S. 367, 390 (1987) (declined to extend *Bivens* liability to a First Amendment violation by a federal employer, declining "to create a new substantive legal liability ... because ... Congress is in a better position to decide whether or not the public interest would be served by creating it."); *Western*

7 - Findings and Recommendation

*Radio Services Co. V. U.S. Forest Service*, 578 F.3d 1116, 1122-23 (9th Cir. 2009) (holding that a *Bivens* action was not allowed because an alternate adequate remedy was available under the APA.).

The Supreme Court has never held that *Bivens* extends to First Amendment claims. *See, Reichle v. Howards*, 132 S.Ct. 2088, 2093 n. 4 (2012); *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) declining to decide whether free exercise claim is actionable under *Bivens*); *Bush v. Lucas*, 462 U.S. 367, 368 (1983) (refusing to extend *Bivens* to a First Amendment speech claim). Nor has the Ninth Circuit so held. *See, e.g. Resnick v. Adams*, 348 F.3d 763 (9th Cir. 2003)(declining to decide the question of whether *Bivens* remedy was available for a First Amendment claim.)

Congress has created a meaningful alternative remedial statutory scheme under the Religious Freedom Restoration Act (RFRA) for challenging restrictions on the exercise of religious freedom. 42 U.S.C. §2000bb. Under RFRA, if a plaintiff can show that the federal government has imposed a "substantial burden" on a person's exercise of religion, the Ninth Circuit has held that the government must then be able to show that the challenged conduct is "advancing a compelling interest through the least restrictive means possible." *Ruiz-*

8 - Findings and Recommendation

*Dias v. United States*, 703 F.3d 483, 485 (9th Cir. 2012).[3]

Plaintiff has alleged a RFRA claim in this case. I find that the availability of that alternative remedy precludes plaintiff from pursuing a *Bivens* claim.

To the extent that a *Biven's* claim might arguably be available to plaintiff, I find that plaintiff has failed to establish a Constitutional violation.

The Free Exercise Clause of the First Amendment guarantees inmates the right to reasonable accommodation of sincerely held religious beliefs. *See, e.g. Lovelace v. Lee*, 472 F.3d 174, 198-99 (4th Cir. 2006). However, free exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

To merit protection, the religious exercise or belief which is burdened must be "sincerely held" and "rooted in religious belief." *Shakur v. Schiro*, 514 F.3d 878, 884-85 (9th

---

[3] RFRA does not waive the federal governments sovereign immunity. *Okleyueha Native Am. Church of Hawaii v. Holder*, 676 829 (9th Cir. 2012). Therefore, a plaintiff *may* only proceed on a RFRA claim for injunctive relief. *See also Minneci v. Pollard*, 132 S.Ct. 617, 625 (2012) (*Bivens* jurisdiction denied and alternative remedy was adequate even if it provides less recovery, forbids recovery, or requires additional procedural obstacles); *Adams v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004) ("[W]here Congress has provided *some* mechanism for relief, *Bivens* claims are precluded.").

9 - Findings and Recommendation

Cir. 2008), *quoting Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981).

In addition, to state a free exercise claim, a plaintiff must demonstrate that prison authorities "burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) *abrogated on other grounds as recognized in Shakur*, 515 F.3d at 884-85, *citing Turner v. Safley*, 482 U.S. 78, 89 (1987).

In this case, plaintiff has failed to set forth any specific factual allegations that demonstrate how defendants alleged conduct of reducing the congregate ritual and educational items in the FCI Sheridan Asatru locker required him to violate any sincerely held religious belief, or how he was prevented from engaging in conduct mandated by his faith. The gravaman of plaintiff's complaint is that his constitutional rights were violated because, in "past practice", the FCI Sheridan Astru group was allowed to keep additional ceremonial and educational items in the Asatru locker, not because the items that are currently permitted are insufficient.

Plaintiff alleges in a conclusory fashion that ceremonial

10 - Findings and Recommendation

items "were essential for observing plaintiff's sincerely held religious faith." Supplemental Complaint (#51) p. 7. But he has not specifically alleged what items were so necessary or that he does not have access to other ceremonial items sufficient to practice his religion. Nor has plaintiff established that defendants' alleged conduct required him to violate his religious beliefs. Plaintiff does not have a constitutional right to any and all religious items he desires stored in a location he desires - which seems to be the fundamental basis for his claim in this case.

Further, plaintiff has not demonstrated how the change in practice from allowing outdoor celebrations on all twelve days of Yule, to allowing an outdoor celebration on one day of Yule, violates his First Amendment rights. Plaintiff has not alleged any tenet of his Asatru faith that requires outdoor celebrations, with or without fire, for all twelve days of Yule. Plaintiff has alleged that Yule is a holy time for adherents of the Asatru religion and for him personally but has not established that his faith requires him to observe all twelve days of Yule in a group, outdoor worship, with fire, or that one such celebration during Yule, with the remaining days observed individually, is somehow insufficient.

Based on the foregoing, I find that defendants are entitled to judgment as a matter of law on plaintiff's RAFTA

11 - Findings and Recommendation

claim.

In any event, defendants Castillo and Feather are entitled to summary judgment because plaintiff has not alleged that they were personally involved in the alleged conduct giving rise to plaintiff's claims. These defendants' supervisory roles are not a sufficient basis to subject them to liability under *Bivens*. *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

Because I find that plaintiff has not sufficiently alleged a constitutional violation, it is unnecessary to address defendants' qualified immunity argument in detail. However, I find for the record that defendants' alleged conduct did not violate any of plaintiff's clearly established constitutional rights, and that even if some minimal encroachment did arguably occur, defendants are qualifiedly immune from liability for damages because they reasonably misapprehended the law governing the circumstances they confronted. *Brosseau v. Haugen*, 453 U.S. 194, 202 (2004); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendants Motion for Summary Judgment (#56) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

12 - Findings and Recommendation

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.***

DATED this 27 day of September, 2016.

Mark D. Clarke
United States Magistrate Judge

13 - Findings and Recommendation