IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TERRY PAUL HEDIN,

    Plaintiff,

vs.

JUAN D. CASTILLO, Regional Director; MARION FEATHER, Warden FCI Sheridan; RICHARD KOWALCZYK, Head Chaplain FCI Sheridan; DANIEL WILLAMS, Chaplain FCI Sheridan,

    Defendants.

Case No. 3:14-cv-01504-CL
**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Mark Clarke issued his Findings and Recommendation ("F&R") (doc. 97) in this case on January 30, 2020. In the F&R, Judge Clarke recommended that defendants' Motion to Dismiss and/or Motion for Summary Judgment (doc. 88) be granted in part and denied in part. The matter is

now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections. Accordingly, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects only to Judge Clarke's recommendation that, because the named defendants have either retired from BOP or transferred to other BOP facilities, "plaintiff must amend his complaint to name the proper official-capacity defendants – presumably FCI Sheridan officials" for injunctive relief. F&R at 9, 11. Plaintiff argues that, under Rule 25(d) of the Federal Rules of Civil Procedure, the "proper official-capacity defendants for purposes of [plaintiff's] claims for injunctive relief are already automatically substituted as parties with no further need for amendment" by plaintiff. Obj. (doc. 99) at 2.

Rule 25(d) provides

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d). Thus, plaintiff need not file an amended complaint to substitute the named defendants from the case as official-capacity defendants. However, the

Court will wait for the parties to supply the names of the new Regional Director, Warden, Supervisory Chaplain and director of Religious Services, and Chaplain in charge of overseeing the Asatru faith group by filing a stipulated proposed order of substitution before substituting the new official-capacity defendants.

Having reviewed the F&R and record, the Court find no error in Judge Clarke's reasoning. Accordingly, the court ADOPTS Judge Clarke's F&R (doc. 97) with the clarification discussed above.

IT IS SO ORDERED.

Dated this 26th day of March 2020.

_____

Ann Aiken
United States District Judge